DA 07-0024

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2007 MT 321N

STATE OF MONTANA,

      Plaintiff and Appellee,

  v.

CHARLES D. STAMBAUGH,

      Defendant and Appellant.

APPEAL FROM:    District Court of the Nineteenth Judicial District,
In and For the County of Lincoln, Cause No. DC 2006-049
Honorable Michael C. Prezeau, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

      Charles D. Stambaugh (Pro Se), Libby, Montana

      For Appellee:

      Hon. Mike McGrath, Montana Attorney General, Mark W. Mattioli,
Assistant Attorney General, Helena, Montana

      Grant W. Gibson, Lincoln County Attorney, Libby, Montana

Submitted on Briefs:  September 26, 2007

Decided:  December 5, 2007

Filed:

_____
Clerk

Justice James C. Nelson delivered the Opinion of the Court.

¶1    Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent. Its case title, the Supreme Court cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2    On April 7, 2006, Charles D. Stambaugh was arrested for Driving Under the Influence of Alcohol ("DUI"), first offense. He was transported to the Lincoln County Sheriff's Office, where the arresting officer asked Stambaugh to submit to a breath test. Stambaugh refused to submit to a breath test and stated that he wanted to have a blood test or a "kidney test." Notwithstanding, the officer repeated his request several times for Stambaugh to submit to a breath test, but each time Stambaugh refused. The officer then told Stambaugh that his driver's license was being suspended because he had refused to submit to the breath test. The officer cited Stambaugh with DUI, and Stambaugh was jailed overnight.

¶3    Stambaugh pleaded not guilty to the charge and thereafter filed a motion to dismiss, arguing that his request for a blood test was ignored by the arresting officer, that the officer did not transport him to the hospital to have his blood drawn, and that he was jailed for a length of time that prevented him from obtaining a timely blood test himself. The Justice Court denied the motion, and Stambaugh was convicted following a nonjury trial. Stambaugh appealed to the District Court for the Nineteenth Judicial District, Lincoln County, where he renewed his motion to dismiss the DUI charge. The District

2

Court denied the motion on the ground that an arresting officer has no duty to transport an arrested driver to a medical facility to obtain a blood test. Stambaugh then pleaded guilty to DUI, reserving the right to appeal the denial of his motion to dismiss, and was sentenced by the District Court. Stambaugh, proceeding pro se, now appeals from the judgment and sentence of the District Court.

¶4 On appeal, Stambaugh argues that by refusing to allow him to obtain a blood test, the arresting officer deprived Stambaugh of his constitutional right to obtain exculpatory evidence and deprived him of due process of law. Stambaugh maintains that the District Court, thus, erred by denying his motion to dismiss the DUI charge. In response, the State argues in favor of the District Court's conclusion that an arresting officer has no duty to transport a person to a medical facility to obtain a blood test. The State asserts that the judgment of the District Court, therefore, should be affirmed.

¶5 The grant or denial of a motion to dismiss is a question of law which we review de novo. *State v. McKee*, 2006 MT 5, ¶ 16, 330 Mont. 249, ¶ 16, 127 P.3d 445, ¶ 16. It is the appellant's burden to establish error by a district court, and such error cannot be established in the absence of legal authority. *State v. Bailey*, 2004 MT 87, ¶ 26, 320 Mont. 501, ¶ 26, 87 P.3d 1032, ¶ 26.

¶6 Montana's implied-consent law, set forth in § 61-8-402(1), MCA, states:

> A person who operates or is in actual physical control of a vehicle upon ways of this state open to the public is considered to have given consent to a test or tests of the person's blood or breath for the purpose of determining any measured amount or detected presence of alcohol or drugs in the person's body.

3

Furthermore, "[t]he arresting or investigating officer may designate which test or tests are administered." Section 61-8-402(2)(b), MCA. In turn, § 61-8-405(2), MCA, which governs the administration of tests, states that in addition to any test administered at the direction of a peace officer, a person may request that an independent blood sample be drawn to measure the amount or detect the presence of alcohol in the person. An officer "may not unreasonably impede the person's right to obtain an independent blood test." Section 61-8-405(2), MCA. However, the officer "has no duty to transport the person to a medical facility or otherwise assist the person in obtaining the test." Section 61-8-405(2), MCA.

¶7     Having reviewed the record in this matter, we have determined to decide this case pursuant to Section I, Paragraph 3(d) of our 1996 Internal Operating Rules, as amended in 2003, which provides for memorandum opinions. It is manifest on the face of the briefs and the record before us that Stambaugh's appeal is without merit. Pursuant to the statutes quoted above, the validity of which Stambaugh has not challenged, the arresting officer was under no duty to transport Stambaugh to a medical facility to obtain a blood test. Accordingly, Stambaugh has failed to demonstrate that the District Court erred in denying his motion to dismiss.

¶8     The judgment of the District Court is affirmed.

/S/ JAMES C. NELSON

4

We Concur:

/S/ KARLA M. GRAY
/S/ JOHN WARNER
/S/ W. WILLIAM LEAPHART
/S/ PATRICIA COTTER